10490

FILED LLS/sr

2002 JAN 31 PM 5: 21

CLERK
U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| EARL FILSKOV, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Court No.: 01 CV 04214 |
| | ) | |
| DETECTIVE D. DI MAIO, individually | ) | Hon. Charles P. Kocoras |
| and as police officer of the Village of | ) | |
| Melrose Park, and the VILLAGE OF | ) | |
| MELROSE PARK, a Municipal | ) | |
| Corporation in the State of Illinois, | ) | |
| Defendants | ) | |

### NOTICE OF FILING

To:    Mr. Bruce E. de'Medici, Law Office of Bruce E. de'Medici, P.C., 1011 West Lake
        Street, Suite 205, Oak Park, IL 60301

**PLEASE TAKE NOTICE** that we have on this day filed with the Clerk of the Federal Court of
Cook County, Illinois, *Defendant's Answer to Plaintiff's Third Amended Complaint and
Defendants' Affirmative Defenses to Plaintiff's Third Amended Complaint..* True and correct
copies of same are attached hereto and hereby served upon you.

Dated: January 31, 2002

By: *Laura L. Scarry*

**MYERS, MILLER, STANDA & KRAUSKOPF**

Stephen R. Miller (6182908)
Laura L. Scarry (6231266)
**MYERS, MILLER, STANDA & KRAUSKOPF**
111 West Washington Street
Suite 1247
Chicago, Illinois 60602
(312) 345-7250 FAX: (312) 345-7251

## PROOF OF SERVICE

I, Sandra Rezman, a non-attorney, certify that a copy of *Defendants' Answer to Plaintiff's Third Amended Complaint and Defendants' Affirmative Defenses to Plaintiff's Third Amended Complaint* were served upon the attorney(s) of record by mailing a copy thereof to each person to whom it is directed at the address(es) stated by depositing same in the United States Mail chute with proper postage prepaid at 111 West Washington Street, Chicago, Illinois 60602, on or before 5:00 p.m. on **January 31, 2002.**

SUBSCRIBED and sworn to
before me this 31st day of
January 2002.

_____
Notary Public

```
"OFFICIAL SEAL"
BEVERLY C. ASHTON
Notary Public, State of Illinois
My Commission Expires 06/18/03
```

**MYERS, MILLER, STANDA & KRAUSKOPF**
111 W. Washington Street, Suite 1247
Chicago, Illinois 60602
(312) 345-7250 FAX: (312) 345-7251

10423.Filskov

*FILED*

*2002 JAN 31 PM 5: 21* LLS/sr

CLERK DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| EARL FILSKOV, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case Number 01 CV 04214 |
| | ) | |
| DETECTIVE D. DI MAIO, individually | ) | |
| and as a police officer of the Village of | ) | Hon. Charles P. Kocoras |
| Melrose Park, and the VILLAGE OF | ) | |
| MELROSE PARK, a Municipal Corporation | ) | |
| in the State of Illinois, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

The Defendants, DETECTIVE D. DI MAIO, and the VILLAGE OF

MELROSE PARK, by their attorneys, STEPHEN R. MILLER and LAURA L. SCARRY of

MYERS, MILLER, STANDA & KRAUSKOPF, answer the Plaintiff's Third Amended

Complaint at Law as follows:

### NATURE OF THE ACTION

1.       This is a civil action seeking damages against Defendants for committing acts,

under color of law, which deprived Plaintiff of rights secured under the Constitution and laws of

the United States, and under the laws of the State of Illinois.

**ANSWER:**    Defendants admit that Plaintiff is seeking damages against Defendants, but

deny any constitutional deprivations occurred.

## JURISDICTION AND VENUE

2.      The jurisdiction of this Court is invoked under the provisions of Section 1343 of Title 28 and Section 1983 of Title 42 of the United States Code, pursuant to the rights, privileges and immunities secured under the First, Fourth and Fourteenth Amendments to the United States Constitution.

**ANSWER:**    Defendants admit this Court has jurisdiction over the claims alleged, but deny any constitutional deprivations occurred.

3.      All of the claims in this complaint arose out of the same underlying facts and circumstances, and thus, the jurisdiction of this Court is invoked under the provisions of Section 1367 of Title 28 of the United States Code, relative to the rights, privileges and immunities secured under the laws of the State of Illinois.

**ANSWER:**    These Defendants admit this Court has jurisdiction over the claims alleged, but deny any constitutional deprivations occurred.

4.      The jurisdiction of this Court is also invoked by virtue of the Defendants' decision to exercise their rights under the provisions of Section 1441 of Title 28 of the United States Code by removing this action to this Court.

**ANSWER:**    These Defendants admit this Court has jurisdiction over the claims alleged, but deny any constitutional deprivations occurred.

5.      Plaintiff is a citizen of the United States of America and a resident of the Village of Melrose Park, County of Cook, State of Illinois.

**ANSWER:**    These defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations and therefore deny the allegations of paragraph

2

five.

6.      At all times relevant to the acts alleged in this complaint, the Village of Melrose

Park (Village) was a municipal corporation existing by virtue of the laws of the State of Illinois.

**ANSWER:**    These defendants admit the allegations in paragraph six.

7.      At all times relevant to the acts alleged in this complaint, Defendant D. DiMaio

(DiMaio) was a detective for the Police Department of the Village of Melrose Park.

**ANSWER:**    These defendants admit the allegations of paragraph seven.

8.      Venue is proper in this court since Plaintiff is informed and believes that the

individual Defendants were, at all times material, residents of the Northern District of the State

of Illinois, and the acts and transactions complained of herein all occurred within this District.

**ANSWER:**    These Defendants admit that venue is proper, but deny any constitutional

deprivations occurred.

### ALLEGATIONS COMMON TO ALL COUNTS

9.      Each of the acts of Defendants were performed under the color and pretense of the

statutes, ordinances, regulations, customs and usages of the State of Illinois, the County of Cook,

the Village of Melrose Park and the Village of Melrose Park Police Department, and under the

authority of DiMaio's office as a detective for the Village of Melrose Park Police Department.

**ANSWER:**    These defendants deny the allegations of paragraph nine.

10.     DiMaio has been vested with the authority to decide, in particular cases, whether

or not to affect an arrest and, therefore, may be considered an official policymaker for the Village

with respect to such arrests.

**ANSWER:**    These defendants deny the allegations of paragraph ten.

3

11.     Chief of Police Vito Scavo is the official policymaker of the Village for determining, in general, under what circumstances the officers of the Village of Melrose Park Police Department may make arrests.

**ANSWER:**     These Defendants deny the allegations of paragraph 11.

12.     The acts complained of herein were done under the direction and authorization of Chief Scavo in his capacity as official policymaker for the Village with respect to the circumstances under which an arrest can be made by the officers of the Police Department, and under the direction, supervision and authorization of Defendant DiMaio.

**ANSWER:**     These Defendants deny the allegations of paragraph 12.

13.     The acts of DiMaio herein alleged were committed on the instruction of either Chief Scavo or another official policymaker for Village of Melrose Park, or with the knowledge and consent of such policymaker, or were thereafter approved and ratified by the policymaker.

**ANSWER:**     These Defendants deny the allegations of paragraph 13.

14.     The acts and conduct of DiMaio complained of herein were not isolated incidents but, rather, were part of a longstanding and widespread pattern of harassment and animosity against the Plaintiff, of which the Village had actual or constructive knowledge, such that the acts complained of can be said to represent the official policy of the Village of Melrose Park Police Department, and of the Village itself, with regards to matters involving the Plaintiff.

**ANSWER:**     These Defendants deny the allegations of paragraph 14.

15.     The actions and, more importantly, inaction of the Village and its policymaking officials in addressing the continued harassment of the Plaintiff and violations of the Plaintiff's Constitutional and state law rights demonstrates the Village's authorization and ratification of the

4

conduct complained of herein.

**ANSWER:**    These defendants deny the allegations of paragraph 15.

16.    In the years leading up to the acts complained of in this Complaint, Plaintiff had been openly critical of the Village and its officers in general, and of the Village of Melrose Park Police Department and Chief Scavo in particular.

**ANSWER:**    These Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations and therefore deny the allegations of paragraph 16.

17.    These criticisms primarily took the form of letters to the editor published in the local newspaper and private correspondence sent directly to officers of the Village, in which the Plaintiff complained of corruption within the Village and its Police Department and of the unfair treatment of Plaintiff by said entities.

**ANSWER:**    These Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations and therefore deny the allegations of paragraph 17.

18.    DiMaio performed all of the acts described in the preceding paragraphs with the knowledge that said acts were in violation of clearly established rights, privileges and immunities of the Plaintiff guaranteed by the United States Constitution and its Amendments, and by the laws of the State of Illinois.

**ANSWER:**    These Defendants deny the allegations of paragraph 18.

19.    The acts performed by DiMaio and complained of herein were wholly arbitrary and motivated by Defendants' spite and ill will towards Plaintiff, caused in part by Plaintiff's previous interactions with and public criticism of the Village of Melrose Park, the Village's Police Department, and the Chief of Police.

5

**ANSWER:**    These Defendants deny the allegations of paragraph 19.

## THE FEBRUARY 25, 2000 ARREST

20.    C.R. Recovery, Inc. (hereinafter C.R.R., Inc.) is a business licensed to operate in the State of Illinois, and is located at 3025 West Lake Street, Melrose Park, Illinois.

**ANSWER:**    These Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 20 and therefore deny the allegations of paragraph 20.

21.    Plaintiff is solely an employee of C.R.R., Inc., and is not an officer, shareholder or the owner of any interest in C.R.R., Inc.

**ANSWER:**    These Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations and therefore deny the allegations of paragraph 21.

22.    On October 6, 199, C.R.R., Inc., wrote check number 1083, attached as Exhibit A, to John Harvey in the amount of $460.00.  The check was allegedly presented for payment and returned unpaid.

**ANSWER:**    These defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations and therefore deny the allegations of paragraph 22.

23.    Plaintiff is informed and believes that the amount of the check, plus an additional $4.50, was paid in full to John Harvey on or before November 17, 1999.

**ANSWER:**    These Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations and therefore deny the allegations of paragraph 23.

24.    Plaintiff is informed and believes that on a Friday in January 2000, several weeks after the aforementioned check was paid, DiMaio arrested Michael Przybyla (Przybyla), an

6

employee of C.R.R., Inc., without a warrant on the grounds that Przybyla had allegedly written the check against a bank account that did not contain sufficient funds to pay the check.

**ANSWER:** These Defendants admit that Michael Przybyla was arrested. These Defendants are without knowledge of information sufficient to form a belief as to the truth of the allegations and therefore deny the allegations of paragraph 24.

25. Plaintiff reasonably believes that DiMaio knew that the charges against Przybyla were without factual basis and there was not sufficient probable cause to make an arrest.

**ANSWER:** These Defendants deny the allegations of paragraph 25.

26. Plaintiff is informed and reasonably believes that DiMaio represented to Przybyla that he had arrested Przbyla on a Friday in order to make sure that Przbyla would remain in custody over the weekend.

**ANSWER:** These Defendants deny the allegations of paragraph 26.

27. Plaintiff is informed and reasonably believes that, after arresting Przbyla, DiMaio requested that Przbyla swear out a false criminal complaint, accusing Plaintiff of committing forgery by signing Przbyla's name to the check.

**ANSWER:** These Defendants deny the allegations of paragraph 27.

28. Przbyla had previously given Plaintiff authority to sign Przbyla's name on checks drawn against C.R.R., Inc.'s checking account, and Plaintiff was authorized to sign Przbyla's name to the check in question.

**ANSWER:** These Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations and therefore deny the allegations of paragraph 28.

7

29.     Plaintiff is informed and reasonably believes that Przybyla initially refused to swear out a complaint of forgery because he knew that such an accusation would be false, and informed DiMaio of the same.

**ANSWER:**     These Defendants deny the allegations of paragraph 29.

30.     Plaintiff is informed and reasonably believes that DiMaio threatened Przbyla by telling Przbyla that if he did not sign the complaint he would remain in custody throughout the weekend and would suffer sexual attacks from other residents who were also in custody.

**ANSWER:**     These Defendants deny the allegations of paragraph 30.

31.     In the face of this threat and to avoid the risk of physical harm, Plaintiff is informed and reasonably believes that, in the presence of DiMaio, Przbyla executed the false criminal complaint against the Plaintiff.

**ANSWER:**     These Defendants deny the allegations of paragraph 31.

32.     Plaintiff is informed and reasonably believes that, in the course of these interactions, DiMaio told Przbyla that he wanted to "get" Plaintiff.

**ANSWER:**     These Defendants deny the allegations of paragraph 32.

33.     On February 25, 2000, DiMaio, wearing a firearm and displaying his badge and accompanied by several other officers, approached Plaintiff at his place of business and forcibly required Plaintiff to surrender his person to DiMaio.  Plaintiff was arrested, handcuffed, taken to the Village of Melrose Park Police Station in police custody, charged with forgery, fingerprinted and placed in a jail cell where Plaintiff was held overnight.

**ANSWER:**     These Defendants admit that Plaintiff was arrested and taken to the Village of Melrose Park Police Station where he was charged with forgery, fingerprinted and placed in a

8

jail cell on February 25, 2000. Defendants deny the remainder of the allegations of paragraph 33.

34.    DiMaio told Plaintiff that he had arrested Plaintiff on a Friday in order to make sure that Plaintiff would remain in custody over the weekend.

**ANSWER:**    These Defendants deny the allegations of paragraph 34.

35.    DiMaio arrested Plaintiff solely on the basis of the complaint by Przbyla, which DiMaio knew to be false, and out of a malicious intent to harass and otherwise cause harm to Plaintiff.

**ANSWER:**    These Defendants deny the allegations of paragraph 35.

36.    Plaintiff's arrest and detention occurred under the direct supervision and direction of DiMaio, despite the fact that DiMaio knew that there was no probable cause to arrest Plaintiff, and without a warrant for Plaintiff's arrest.

**ANSWER:**    These Defendants deny the allegations of paragraph 36.

37.    Plaintiff's arrest and detention occurred under the direct supervision and direction of DiMaio, despite the fact that DiMaio knew that the charge against the Plaintiff was false, that Plaintiff had not committed any crime for which he could be charged, and that his actions in arresting Plaintiff were not in advancement of any valid end of law enforcement.

**ANSWER:**    These Defendants deny the allegations of paragraph 37.

38.    On or about February 28, 2000, Plaintiff appeared in front of the Fourth Municipal District Court in Maywood, Illinois on the charge of forgery. The charge against Plaintiff was dismissed and the prosecution was wholly ended and determined in favor of Plaintiff.

9

**ANSWER:**   These Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations and therefore deny the allegations of paragraph 38.

**THE MARCH 6, 2000 ARREST**

39.     On February 25, 2000, without prior notice of due process of law, as shown more fully in Exhibit B, C.R.R., Inc.'s village business license was summarily revoked and the business was forced to close, in knowing violation of the United States Constitution and its Amendments, and the laws of the State of Illinois.

**ANSWER:**   These Defendants deny the allegations of paragraph 39.

40.     Neither Plaintiff, nor the other employees of C.R.R., Inc., were allowed to enter the premises of C.R.R., Inc., from February 25, 2000 to March 6, 2000.

**ANSWER:**   These Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations and therefore deny the allegations of paragraph 40.

41.     On March 6, 2000, after reaffirming with state officials that C.R.R., Inc., was legally allowed to operate in the State of Illinois, Plaintiff, in accordance with his duties as an employee of C.R.R., Inc., went to the Village of Melrose Park to ask for C.R.R., Inc.'s village license to be reinstated.

**ANSWER:**   These Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations and therefore deny the allegations of paragraph 41.

42.     Plaintiff asked to speak with Phil Torina, who holds the title of "Business License Director" with the Village and is the person that Plaintiff is informed and reasonably believes to be the city official in charge of matters relating to business licenses.

**ANSWER:** These Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations and therefore deny the allegations of paragraph 42.

43. Plaintiff was informed that Torina had left for the day and so Plaintiff went to the mayor's office, where Plaintiff was eventually able to speak with Torina after the mayor's secretary paged Torina.

**ANSWER:** These Defendants are without knowledge and information sufficient to form a belief as to truth of the allegations and therefore deny the allegations of paragraph 43.

44. Torina told Plaintiff that Torina would have to get permission from Police Chief Scavo before he could reinstate C.R.R., Inc.'s license.

**ANSWER:** These Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations and therefore deny the allegations of paragraph 44.

45. Plaintiff asked why Torina had to get the permission of the Chief of Police before Torina could restore the license, but Torina only replied that he would have to call Plaintiff back.

**ANSWER:** These Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations and therefore deny the allegations of paragraph 45.

46. While Plaintiff was still at the Mayor's office, Torina called back and told the mayor's secretary to advise Plaintiff that C.R.R., Inc., was once again allowed to operate its business, that the Plaintiff and his fellow employees were allowed to set-up and prepare to operate that night, and that C.R.R., Inc.'s physical license would be returned the following day.

**ANSWER:** These Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations and therefore deny the allegations of paragraph 46.

11

47.     Relying on Phil Torina's approval, as represented to Plaintiff by the mayor's secretary, Plaintiff returned to C.R.R., Inc.'s place of business and, along with other employees, prepared to resume operations.

**ANSWER:**     These Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations and therefore deny the allegations of paragraph 47.

48.     At approximately 7:00 p.m. on March 6, 2000, DiMaio arrived at the offices of C.R.R., Inc., and, without a warrant or the consent of those present, entered the premises and demanded to know why the business had resumed operations, and demand to see C.R.R. Inc.'s license.

**ANSWER:**     These Defendants admit that DeMaio arrived at a place of business alleged by C.R.R., Inc. at approximately 7:00 p.m. on March 6, 2000, but deny the remainder of the allegations in paragraph 48.

49.     Plaintiff explained the events that had transpired earlier in the day and told DiMaio to call Phil Torina and verify Plaintiff's information.

**ANSWER:**     These Defendants deny the allegations of paragraph 49.

50.     DiMaio refused to investigate the claims made by Plaintiff and, instead, stated his intention to arrest Plaintiff and called for "back up," which arrived in the form of two squad cars.

**ANSWER:**     These Defendants deny the allegations of paragraph 50.

51.     In a subsequent verbal exchange between Plaintiff and DiMaio, DiMaio responded to Plaintiff's statements regarding the property of the arrest by asking if Plaintiff was going to "write another letter," thereby demonstrating DiMaio's knowledge of the letters that

Plaintiff had sent to the Village and to Chief Scavo, and evidencing a Village-wide policy supporting the harassment and retaliatory actions taken against the Plaintiff by DiMaio.

**ANSWER:**     These Defendants deny the allegations of paragraph 50.

51.     In a subsequent verbal exchange between Plaintiff and DiMaio, DiMaio responded to Plaintiff's statements regarding the propriety of the arrest by asking if Plaintiff was going to "write another letter," thereby demonstrating DiMaio's knowledge of the letters that Plaintiff had sent to the Village and to Chief Scavo, and evidencing a Village-wide policy supporting the harassment and retaliatory actions taken against the Plaintiff by DiMaio.

**ANSWER:**     These Defendants deny the allegations of paragraph 51.

52.     At the instructions of DiMaio, Plaintiff was physically seized, taken to the Village of Melrose Park Police Department and placed in DiMaio's office.  After returning to the police station DiMaio placed Plaintiff in a room and locked the door.

**ANSWER:**     These Defendants deny the allegations of paragraph 52.

53.     Plaintiff was the only employee or other representative of C.R.R., Inc. that DiMaio ordered to be placed under arrest.

**ANSWER:**     These Defendants deny the allegations of paragraph 53.

54.     After both Plaintiff and DiMaio were at the police station, Plaintiff witnessed DiMaio speaking on the telephone with Phil Torina and with the mayor's secretary.

**ANSWER:**     These Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations and therefore deny the allegations of paragraph 54.

55.     Plaintiff was eventually released that same evening after DiMaio completed his telephone conversations.

13

**ANSWER:** These Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations and therefore deny the allegations of paragraph 55.

56. Plaintiff was never informed of the alleged grounds for his arrest, and no charges were brought against Plaintiff arising out of the events of March 6, 2000.

**ANSWER:** These Defendants deny the allegations of paragraph 56.

57. The municipal ordinances for the Village of Melrose Park do not provide any grounds for the arrest of any person for operating a business without a license.

**ANSWER:** These Defendants deny the allegations of paragraph 57.

58. DiMaio knew or should have known that on March 6, 2000, C.R.R., Inc., was not operating without a license, and that, even if C.R.R., Inc., was operating without a license, there still would not be a legal basis for arresting Plaintiff, a mere employee of C.R.R., Inc.

**ANSWER:** These Defendants deny the allegations of paragraph 58.

59. Plaintiff's arrest and detention occurred under the direct supervision and direction of DiMaio, despite the fact that DiMaio knew that there was no probable cause to arrest Plaintiff, and without a warrant for Plaintiff's arrest.

**ANSWER:** These Defendants deny the allegations of paragraph 59.

60. Plaintiff's arrest and detention occurred under the direct supervision and direction of DiMaio, despite the fact that DiMaio knew that Plaintiff had not committed any crime for which he could be charged, and that his actions in arresting Plaintiff were not in advancement of any valid end of law enforcement.

**ANSWER:** These Defendants deny the allegations of paragraph 60.

14

## COUNT I
## 42 U.S.C.§1983 - FIRST AMENDMENT

1-60.   Plaintiff realleges and hereby incorporates the allegations contained in paragraphs 1-60 of this Complaint.

**ANSWER:**   These Defendants restate their answers to paragraphs one through 60 and hereby incorporate them as though fully set forth within.

61.   The conduct of Defendants in arresting Plaintiff on February 25, 2000, was solely or substantially motivated by the Defendants' desire to retaliate against Plaintiff for constitutionally protected statements made by the Plaintiff that were critical of the Defendants.

**ANSWER:**   These Defendants deny the allegations of paragraph 61.

62.   The conduct of Defendants deprived Plaintiff of his clearly established right to be free from retaliation for the exercise of his rights to freedom of speech and expression under the First and Fourteenth Amendments to the Untied States Constitution.

**ANSWER:**   These Defendants deny the allegations of paragraph 62.

63.   As a direct and proximate result of these violations of Plaintiff's Constitutional and state law rights, he was made to suffer great emotional trauma, discomfort and embarrassment, was deprived of his liberty, and his personal and professional reputations were impaired.

**ANSWER:**   These Defendants deny the allegations of paragraph 63.

64.   As a further direct and proximate result of the violations of Plaintiff's Constitutional and state law rights, Plaintiff was required to employ and did employ the

15

undersigned attorney to prosecute this action. The Plaintiff has become obligated to pay said attorney a reasonable fee for services in connection with and in furtherance of this action arising out of the conduct of the Defendants.

      **ANSWER:**    These Defendants deny the allegations of paragraph 64.

      65.    Pursuant to Section 1988(b) of Title 42 of the United States Code, Plaintiff is entitled to recover reasonable attorneys' fees as part of the costs in bringing this action against the Defendants.

      **ANSWER:**    These Defendants deny the allegations of paragraph 65.

      66.    The acts of Defendant DiMaio were performed knowingly, intentionally, maliciously and with a callous disregard of Plaintiff's Constitutional and state law rights, by reason of which Plaintiff is entitled to an award of punitive damages from Defendant DiMaio in his individual capacity.

      **ANSWER:**    These Defendant deny the allegations of paragraph 66.

      WHEREFORE, the Defendants, Detective D. DI MAIO and the VILLAGE OF MELROSE PARK, deny that the Plaintiff is entitled to any judgment whatsoever as against these Defendants.

**COUNT II**
**42 U.S.C. §1983 - FOURTH AMENDMENT**

      1-60.    Plaintiff realleges and hereby incorporates the allegations contained in paragraphs 1-60 of this Complaint.

      **ANSWER:**    These Defendants restate their answers to paragraphs one through 60 and hereby incorporates them as though fully set forth within.

16

61.     The conduct of Defendants in arresting and detaining Plaintiff on February 25, 2000, deprived him of his clearly established right to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

**ANSWER:**     These Defendants deny the allegations of paragraph 61.

62.     As a direct and proximate result of these violations of Plaintiff's Constitutional and state law rights, he was made to suffer great emotional trauma, discomfort and embarrassment, was deprived of his liberty, and his personal and professional reputations were impaired.

**ANSWER:**     These Defendants deny the allegations of paragraph 62.

63.     As a further direct and proximate result of the violations of Plaintiff's Constitutional and state law rights, Plaintiff was required to employ and did employ the undersigned attorney to prosecute this action. The Plaintiff became obligated to pay said attorney a reasonable fee for services in connection with and in furtherance of this action arising out of the conduct of the Defendants.

**ANSWER:**     These Defendants deny the allegations of paragraph 63.

64.     Pursuant to Section 1988(b) of Title 42 of the United States Code, Plaintiff is entitled to recover reasonable attorney's fees as part of the costs in bringing this action against the Defendants.

**ANSWER:**     These Defendants deny the allegations of paragraph 64.

65.     The acts of Defendant DiMaio were performed knowingly, intentionally, maliciously

17

and with a callous disregard of Plaintiff's Constitutional and state law rights, by reason of which Plaintiff is entitled to an award of punitive damages from Defendant DiMaio in his individual capacity.

   **ANSWER:** These Defendants deny the allegations of paragraph 65.

   WHEREFORE, the Defendants, DETECTIVE D. DI MAIO and the VILLAGE OF MELROSE PARK, deny that the Plaintiff is entitled to any judgment whatsoever as against these Defendants.

**COUNT THREE**
**42 U.S.C. §1983 - FOURTEENTH AMENDMENT**

   1-60. Plaintiff realleges and hereby incorporates the allegations contained in paragraphs 1-60 of this Complaint.

   **ANSWER:** These Defendants restate their answers to paragraphs one through 60 and hereby incorporate them as though fully set forth within.

   61. The conduct of Defendants in arresting and detaining Plaintiff on February 25, 2000, where the Defendants do not arrest and detain persons in a situation similar to that of the Plaintiff and who have engaged in the same conduct as that of the Plaintiff, was wholly arbitrary and vindictive, was solely or substantially motivated by Defendants' spite and ill will towards Plaintiff, and deprived Plaintiff of his clearly established right to Equal Protection of the law under the Fourteenth Amendment to the United States Constitution.

   **ANSWER:** These Defendants deny the allegations of paragraph 61.

   62. As a direct and proximate result of these violations of Plaintiff's Constitutional and state law rights, he was made to suffer great emotional trauma, discomfort and

18

embarrassment, was deprived of his liberty, and his personal and professional reputations were impaired.

     **ANSWER:**   These Defendants deny the allegations of paragraph 62.

     63.    As a further direct and proximate result of the violations of Plaintiff's Constitutional and state law rights, Plaintiff was required to employ and did employ the undersigned attorney to prosecute this action. The plaintiff has become obligated to pay said attorney a reasonable fee for services in connection with and in furtherance of this action arising out of the conduct of the Defendants.

     **ANSWER:**   These Defendants deny the allegations of paragraph 63.

     64.    Pursuant to Section 1988(b) of Title 42 of the United States Code, Plaintiff is entitled to recover reasonable attorney's fees as part of the costs in bringing this action against the Defendants.

     **ANSWER:**   These Defendants deny the allegations of paragraph 64.

     65.    The acts of Defendant DiMaio were performed knowingly, intentionally, maliciously and with a callous disregard of Plaintiff's Constitutional and state law rights, by reason of which Plaintiff is entitled to an award of punitive damages from Defendant DiMaio in his individual capacity.

     **ANSWER:**   These Defendants deny the allegations of paragraph 65.

     WHEREFORE, the Defendants, DETECTIVE D. DI MAIO and the VILLAGE OF MELROSE PARK, deny that the Plaintiff is entitled to any judgment whatsoever as against these Defendants.

## COUNT FOUR
## STATE LAW - FALSE ARREST AND IMPRISONMENT

1-60.    Plaintiff realleges and hereby incorporates the allegations contained in paragraphs 1-60 of this Complaint

**ANSWER:**    These Defendants restate their answers to paragraphs one through 60 and hereby incorporate them as though fully set forth within.

61.    The conduct of Defendants in arresting and detaining Plaintiff on February 25, 2000, without probable cause constituted false arrest and imprisonment in violations of the laws and protections of the State of Illinois

**ANSWER:**    These Defendants deny the allegations of paragraph 61.

62.    As a direct and proximate result of these violations of Plaintiff's Constitutional and state law rights, he was made to suffer great emotional trauma, discomfort and embarrassment, was deprived of his liberty, and his personal and professional reputations were impaired.

**ANSWER:**    These Defendants deny the allegations of paragraph 62.

63.    As a further direct and proximate result of the violations of Plaintiff's Constitutional and state law rights, plaintiff was required to employ and did employ the undersigned attorney to prosecute this action.  The Plaintiff has become obligated to pay said attorney a reasonable fee for services in connection with and in furtherance of this action arising out of the conduct of the Defendants.

**ANSWER:**    These Defendants deny the allegations of paragraph 63.

20

64.    Pursuant to Section 1988(b) of Title 42 of the United States Code, Plaintiff is entitled to recover reasonable attorney's fees as part of the costs in bringing this action against the Defendants.

**ANSWER:**    These Defendants deny the allegations of paragraph 64.

WHEREFORE, the Defendants, DETECTIVE D. DI MAIO and the VILLAGE OF MELROSE PARK, deny that the Plaintiff is entitled to any judgment whatsoever as against these Defendants.

## COUNT FIVE
## STATE LAW - MALICIOUS PROSECUTION

1-60.    Plaintiff realleges and hereby incorporates the allegations contained in paragraphs 1-60 of this Complaint.

**ANSWER:**    These Defendants restate their answers to paragraphs one through 60 and hereby incorporate them as though fully set forth within.

61.    The conduct of Defendants on February 25, 2000, in arresting, detaining and bringing criminal charges against Plaintiff legally constituted the commencement of a criminal proceeding against the Plaintiff.

**ANSWER:**    These Defendants deny the allegations of paragraph 61.

62.    This criminal proceeding brought by the Defendants against Plaintiff was terminated wholly and completely in favor of the Plaintiff.

**ANSWER:**    These Defendants deny the allegations of paragraph 62.

63.    The conduct of Defendants in arresting and detaining Plaintiff, without probable

cause and with malicious and improper motives, constituted malicious prosecution in violation of the laws and protections of the State of Illinois.

**ANSWER:**   These Defendants deny the allegations of paragraph 63.

64.   As a direct and proximate result of these violations of Plaintiff's Constitutional and state law rights, he was made to suffer great emotional trauma, discomfort and embarrassment, was deprived of his liberty, and his personal and professional reputations were impaired.

**ANSWER:**   These Defendants deny the allegations of paragraph 64.

65.   As a further direct and proximate result of the violations of Plaintiff's Constitutional and state law rights, Plaintiff was required to employ and did employ the undersigned attorney to prosecute this action.  The Plaintiff has become obligated to pay said attorney a reasonable fee for services in connection with and in furtherance of this action arising out of the conduct of the Defendants.

**ANSWER:**   These Defendants deny the allegations of paragraph 65.

66.   Pursuant to Section 1988(b) of Title 42 of the United States Code, Plaintiff is entitled to recover reasonable attorney's fees as part of the costs in bringing this action against the Defendants.

**ANSWER:**   These Defendants deny the allegations of paragraph 66.

WHEREFORE, the Defendants, DETECTIVE D. DI MAIO and the VILLAGE OF MELROSE PARK, deny that the Plaintiff is entitled to any judgment whatsoever as against these Defendants.

22

## COUNT SIX
## STATE LAW - ABUSE OF PROCESS

1-60.    Plaintiff realleges and hereby incorporates the allegations contained in paragraphs 1-60 of this Complaint.

**ANSWER:**    These Defendants restate their answers to paragraphs one through 60 and hereby incorporate them as though fully set forth within.

61.    The conduct of Defendants in arresting and detaining Plaintiff on February 25, 2000, was motivated by the Defendants animosity toward the Plaintiff, and was done solely to harass and otherwise cause harm to Plaintiff, without regard to any proper law enforcement purpose for which such process could be used.

**ANSWER:**    These Defendants deny the allegations of paragraph 61.

62.    The conduct of Defendants in arresting and detaining Plaintiff on February 25, 2000, for an unlawful purpose and with improper motive, constituted abuse of process in violation of the laws and protections of the State of Illinois.

**ANSWER:**    These Defendants deny the allegations of paragraph 62.

63.    As a direct and proximate result of these violations of Plaintiff's Constitutional and state law rights, he was made to suffer great emotional trauma, discomfort and embarrassment, was deprived of his liberty, and his personal and professional reputations were impaired.

**ANSWER:**    These Defendants deny the allegations of Paragraph 63.

64.    As a further direct and proximate result of the violations of Plaintiff's Constitutional and state law rights, he was made to suffer great emotional trauma, discomfort and

embarrassment, was deprived of his liberty, and his personal and professional reputations were impaired.

**ANSWER:**    These Defendants deny the allegations of paragraph 64.

65.    As a further direct and proximate result of the violations of Plaintiff's Constitutional and state law rights, Plaintiff was required to employ and did employ the undersigned attorney to prosecute this action.  The Plaintiff has become obligated to pay said attorney a reasonable fee for services in connection with and in furtherance of this action arising out of the conduct of the Defendants.

**ANSWER:**    These Defendants deny the allegations of paragraph 65.

66.    Pursuant to Section 1988(b) of Title 42 of the United States Code, Plaintiff is entitled to recover reasonable attorney's fees as part of the costs in bringing this action against the Defendants.

**ANSWER:**    These Defendants deny the allegations of paragraph 66.

WHEREFORE, the Defendants, DETECTIVE D. DI MAIO and the VILLAGE OF MELROSE PARK, deny that the Plaintiff is entitled to any judgment whatsoever as against these Defendants.

## COUNT SEVEN
### 42 U.S.C. §1983 - FIRST AMENDMENT

1-60.  Plaintiff realleges and hereby incorporates the allegations contained in paragraphs 1-60 of this Complaint.

**ANSWER:**    These defendants restate their answers to paragraphs one through 60 and hereby incorporate them as though fully set forth within.

24

61.     The conduct of Defendants in arresting Plaintiff on March 6, 2000, was solely or substantially motivated by the Defendants' desire to retaliate against Plaintiff for constitutionally protected statements made by the Plaintiff that were critical of the Defendants.

**ANSWER:**   These Defendants deny the allegations of paragraph 61.

62.     The conduct of Defendants deprived Plaintiff of his clearly established right to be free from retaliation for the exercise of his rights to freedom of speech and expression under the First and Fourteenth Amendments to the United States Constitution.

**ANSWER:**   These Defendants deny the allegations of paragraph 62.

63.     As a direct and proximate result of these violations of Plaintiff's Constitutional and state law rights, he was made to suffer great emotional trauma, discomfort and embarrassment, was deprived of his liberty, and his personal and professional reputations were impaired.

**ANSWER:**   These Defendants deny the allegations of paragraph 63.

64.     As a further direct and proximate result of the violations of Plaintiff's Constitutional and state law rights, Plaintiff was required to employ and did employ the undersigned attorney to prosecute this action.  The Plaintiff has become obligated to pay said attorney a reasonable fee for services in connection with and in furtherance of this action arising out of the conduct of the Defendants.

**ANSWER:**   These Defendants deny the allegations of paragraph 64.

65.     Pursuant to Section 1988(b) of Title 42 of the United States Code, Plaintiff is entitled to recover reasonable attorney's fees as part of the costs in bringing this action against the Defendants.

**ANSWER:** These Defendants deny the allegations of paragraph 65.

66. The acts of Defendant DiMaio were performed knowingly, intentionally, maliciously and with a callous disregard of Plaintiff's Constitutional and state law rights, by reason of which Plaintiff is entitled to an award of punitive damages from Defendant DiMaio in his individual capacity.

**ANSWER:** These Defendants deny the allegations of paragraph 66.

WHEREFORE, the Defendants, DETECTIVE D. DI MAIO and the VILLAGE OF MELROSE PARK, deny that the Plaintiff is entitled to any judgment whatsoever as against these Defendants.

## COUNT EIGHT
## 42 U.S.C. §1983 - FOURTH AMENDMENT

1-60. Plaintiff realleges and hereby incorporates the allegations contained in paragraphs 1-60 of the Complaint.

**ANSWER:** These Defendants restate their answers to paragraphs one through 60 and hereby incorporate them as though fully set forth within.

61. The conduct of Defendants on or about March 6, 2000, deprived Plaintiff of his clearly established right to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

**ANSWER:** These Defendants deny the allegations of paragraph 61.

62. As a direct and proximate result of these violations of Plaintiff's Constitutional and state law rights, he was made to suffer great emotional trauma, discomfort and embarrassment, was deprived of his liberty, and his personal and professional reputations were

26

impaired.

     **ANSWER:**   These Defendants deny the allegations of paragraph 62.

     63.    As a further direct and proximate result of the violations of Plaintiff's

Constitutional and state law rights, Plaintiff was required to employ and did employ

the undersigned attorney to prosecute this action. The Plaintiff has become obligated

to pay said attorney a reasonable fee for services in connection with and in furtherance

of this action arising out of the conduct of the Defendants.

     **ANSWER:**   These Defendants deny the allegations of paragraph 63.

     64.    Pursuant to Section 1988(b) of Title 42 of the United States Code, Plaintiff is

entitled to recover reasonable attorney's fees as part of the costs in bringing this action against

the Defendants.

     **ANSWER:**   These Defendants deny the allegations of paragraph 64.

     65.    The acts of Defendant DiMaio were performed knowingly, intentionally,

maliciously and with a callous disregard of Plaintiff's Constitutional and state law

rights, by reason of which Plaintiff is entitled to an award of punitive damages from

Defendant DiMaio in his individual capacity.

     **ANSWER:**   These Defendants deny the allegations of paragraph 65.

     WHEREFORE, the Defendants, DETECTIVE D. DI MAIO and the VILLAGE OF

MELROSE PARK, deny that the Plaintiff is entitled to any judgment whatsoever as against

these Defendants.

## COUNT NINE
## 42 U.S.C. §1983 - FOURTEENTH AMENDMENT

1-60.   Plaintiff realleges and hereby incorporates the allegations contained in paragraphs 1-60 of this Complaint.

**ANSWER:**   These Defendants restate their answers to paragraphs one through 60 and hereby incorporate them as though fully set forth within.

61.   The conduct of Defendants in arresting and detaining Plaintiff on March 6, 2000, where the Defendants do not arrest and detain persons in a situation similar to that of the Plaintiff and who have engaged in the same conduct as that of the Plaintiff, was wholly arbitrary and vindictive, was solely or substantially motivated by Defendants' spite and ill will towards Plaintiff, and deprived Plaintiff of his clearly established right to Equal Protection of the law under the Fourteenth Amendment to the United States Constitution.

**ANSWER:**   These Defendants deny the allegations of paragraph 61.

62.   As a direct and proximate result of these violations of Plaintiff's Constitutional and state law rights, he was made to suffer great emotional trauma, discomfort and embarrassment, was deprived of his liberty, and his personal and professional reputations were impaired.

**ANSWER:**   These Defendants deny the allegations of paragraph 62.

63.   As a further direct and proximate result of Plaintiff's Constitutional and state law rights, Plaintiff was required to employ and did employ the undersigned attorney to prosecute this action.  The Plaintiff has become obligated to pay said attorney a reasonable fee for services in connection with and in furtherance of this action arising out of the conduct of the

28

Defendants.

**ANSWER:** These Defendants deny the allegations of paragraph 63.

64. Pursuant to Section 1988(b) of Title 42 of the United States Code, Plaintiff is entitled to recover reasonable attorney's fees as part of the costs in bringing this action against the Defendants.

**ANSWER:** These defendants deny the allegations of paragraph 64.

65. The acts of Defendant DiMaio were performed knowingly, intentionally, maliciously and with a callous disregard of Plaintiff's Constitutional and state law rights, by reason of which plaintiff is entitled to an award of punitive damages from Defendant DiMaio in his individual capacity.

**ANSWER:** These Defendants deny the allegations of paragraph 65.

WHEREFORE, the Defendants, DETECTIVE D. DI MAIO and the VILLAGE OF MELROSE PARK, deny that the plaintiff is entitled to any judgment whatsoever as against these Defendants.

**COUNT TEN**
**STATE LAW - FALSE ARREST AND IMPRISONMENT**

1-60. Plaintiff realleges and hereby incorporates the allegations contained in paragraphs 1-60 of this Complaint.

**ANSWER:** These Defendants restate their answers to paragraphs one through 60 and hereby incorporate them as though fully set forth within.

61. The conduct of Defendants in arresting and detaining Plaintiff on or about March 6, 2000, without probable cause, constituted false arrest and imprisonment in

29

violation of the laws and protections of the State of Illinois.

**ANSWER:**   These Defendants deny the allegations of paragraph 61.

62.   As a direct and proximate result of these violations of Plaintiff's Constitutional and state law rights, he was made to suffer great emotional trauma, discomfort and embarrassment, was deprived of his liberty, and his personal and professional reputations were impaired.

**ANSWER:**   These Defendants deny the allegations of paragraph 62.

63.   As a further direct and proximate result of the violations of Plaintiff's Constitutional and state law rights, Plaintiff was required to employ and did employ the undersigned attorney to prosecute this action. The Plaintiff has become obligated to pay said attorney a reasonable fee for services in connection with and in furtherance of this action arising out of the conduct of the Defendants.

**ANSWER:**   These Defendants deny the allegations of paragraph 63.

64.   Pursuant to Section 1988(b) of Title 42 of the United States Code, Plaintiff is entitled to recover reasonable attorney's fees as part of the costs in bringing this action against the Defendants.

**ANSWER:**   These Defendants deny the allegations of paragraph 64.

WHEREFORE, the Defendants, DETECTIVE D. DI MAIO and the VILLAGE OF MELROSE PARK, deny that the Plaintiff is entitled to any judgment whatsoever as against these Defendants.

**COUNT ELEVEN**
**STATE LAW - ABUSE OF PROCESS**

1-60.    Plaintiff realleges and hereby incorporates the allegations contained in paragraphs 1-60 of this Complaint.

**ANSWER:**    These Defendants restate their answers to paragraphs one through 60 and hereby incorporate them as though fully set forth within.

61.    The conduct of Defendants in arresting and detaining plaintiff on March 6, 2000, was motivated by the Defendants animosity toward the Plaintiff, and was done solely to harass and otherwise cause harm to Plaintiff, without regard to any proper law enforcement purpose for which such process could be used.

**ANSWER:**    These Defendants deny the allegations of paragraph 61.

62.    The conduct of Defendants in arresting and detaining Plaintiff on March 6, 2000, for an unlawful purpose and with improper motive, constituted abuse of process in violations of the laws and protections of the State of Illinois.

**ANSWER:**    These Defendants deny the allegations of paragraph 62.

63.    As a direct and proximate result of these violations of Plaintiff's Constitutional and state law rights, he was made to suffer great emotional trauma, discomfort and embarrassment, was deprived of his liberty, and his personal and professional reputations were impaired.

**ANSWER:**    These Defendants deny the allegations of paragraph 63.

64.    As a further direct and proximate result of the violations of Plaintiff's Constitutional and state law rights, Plaintiff was required to employ and did employ the

31

undersigned attorney to prosecute this action. The Plaintiff has become obligated to pay said attorney a reasonable fee for services in connection with and in furtherance of this action arising out of the conduct of the Defendants.

ANSWER:     These Defendants deny the allegations of paragraph 64.

65.     Pursuant to Section 1988(b) of Title 42 of the United States Code, Plaintiff is entitled to recover reasonable attorney's fees as part of the costs in bringing this action against the Defendants.

ANSWER:     These Defendants deny the allegations of paragraph 65.

WHEREFORE, the Defendants, DETECTIVE D. DI MAIO and the VILLAGE OF MELROSE PARK, deny that the Plaintiff is entitled to any judgment whatsoever as against these Defendants.

Respectfully submitted,

DETECTIVE D. DI MAIO and the VILLAGE OF MELROSE PARK

By: *Laura L. Scarry*

One of Defendants' attorneys

STEPHEN R. MILLER (6182908)
LAURA L. SCARRY (62341266)
MYERS, MILLER, STANDA & KRAUSKOPF
111 West Washington Street
Suite 1247
Chicago, IL 60602
(312) 345-7250

10423

**FILED**
2002 JAN 31 PM 5: 21
U.S. CLERK
DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| EARL FILSKOV, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case Number 01 CV 04214 |
| | ) | |
| DETECTIVE D. DI MAIO, individually | ) | |
| and as a police officer of the Village of | ) | Hon. Charles P. Kocoras |
| Melrose Park, and the VILLAGE OF | ) | |
| MELROSE PARK, a Municipal Corporation | ) | |
| in the State of Illinois, | ) | |
| | ) | |
| Defendants. | ) | |

**DOCKETED**
FEB 0 5 2002

## DEFENDANTS' AFFIRMATIVE DEFENSES
## TO PLAINTIFF'S THIRD AMENDED COMPLAINT

The Defendants, DETECTIVE D. DIMAIO, and the VILLAGE OF MELROSE PARK, by their attorneys, Stephen R. Miller and Laura L. Scarry, of MYERS, MILLER, STANDA & KRAUSKOPF, and for their affirmative defenses, state as follows:

## FIRST AFFIRMATIVE DEFENSE
### (Qualified Immunity)

1.      That plaintiff, EARL FILSKOV, has pleaded in his Third Amended Complaint at Law that on February 25, 2000 and March 6, 2000 that he was unlawfully arrested by defendants in violation of the First, Fourth and Fourteenth Amendments to the United States Constitution as well as Illinois state law.

2.      That the defendant, DETECTIVE D. DIMAIO, has answered the Third Amended Complaint denying he is legally liable to the plaintiff, EARL FILSKOV.

3.      That in so far as the claims against defendant, DETECTIVE D. DIMAIO, are brought



against him in his *individual* capacity, DETECTIVE D. DIMAIO is entitled to qualified immunity.

See, Saucier v. Katz, 533 U.S. 194 (2001), Harlow v. Fitzgerald, 457 U.S. 800 (1982).

WHEREFORE, defendant DETECTIVE D. DIMAIO, prays that this Honorable Court enter

judgment in favor of DETECTIVE D. DIMAIO and against plaintiff, EARL FILSKOV, with respect

to any individual capacity claim alleged in plaintiff's Third Amended Complaint.

## SECOND AFFIRMATIVE DEFENSE
### (Tort Immunity Act)

1.      That plaintiff, EARL FILSKOV, has pleaded in his Third Amended Complaint at

Law that on February 25, 2000 and March 6, 2000 that he was unlawfully arrested by defendants in

violation of the First, Fourth and Fourteenth Amendments to the United States Constitution as well

as Illinois state law.

2.      That the defendants, DETECTIVE D. DIMAIO and VILLAGE OF MELROSE

PARK, have answered the Third Amended Complaint denying they are legally liable to the plaintiff,

EARL FILSKOV.

3.      That there was in force and effect, in the State of Illinois, at the time of the occurrence in

question, a certain statute which provides as follows:

        a.      Notwithstanding any other provision of law, a local public entity is not liable to pay punitive or exemplary damages in any action brought directly or indirectly against it by the injured party or third party. . . . 745 ILCS 10/2-102.

        b.      A local public entity is not liable for an injury caused by adopting or failing to adopt an enactment or by failing to enforce any law. 745 ILCS 10/2-103.

        c.      A local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable. 745 ILCS 10/2-109.

2

d.      Except as otherwise provided by Statute, a public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused. 745 ILCS 10/2-201.

e.      A public employee is not liable for his act or omission in the execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct. 745 ILCS 10/2-202.

f.      Except as otherwise provided by statute, a public employee, as such and acting within the scope of his employment, is not liable for an injury caused by the act or omission of another person. 745 ILCS 10/2-204.

g.      A public employee is not liable for an injury caused by his adoption or failure to adopt, an enactment, or by his failure to enforce any law. 745 ILCS 10/2-205.

h.      A public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding withing the scope of his employment, unless he acts maliciously and without probable cause.

i.      A public employee is not liable for an injury arising out of his entry upon any property where such entry is expressly or impliedly authorized by law. 745 ILCS 10/2-209.

j.      Neither a local public entity nor a public employee is liable for failure to establish a police department or otherwise provide police protection service or, if police protection service is provided, for failure to provide adequate police protection or service, failure to prevent the commission of crimes, failure to detect or solve crimes, and failure to identify or apprehend criminals. . . . 745 ILCS 10/4-102.

4.      That the aforementioned sections of the Illinois Local Governmental and Governmental Employees Tort Immunity Act immunize these defendants and bar the plaintiff from recovery in this cause therein.

WHEREFORE, the defendants, DETECTIVE D. DIMAIO and VILLAGE OF MELROSE PARK, pray that any judgment for damages against them and in favor of the plaintiff, EARL

3

FILSKOV, be set aside and barred by virtue of the application of the aforementioned statutory provisions.

Respectfully submitted,

DETECTIVE D. DIMAIO and VILLAGE OF MELROSE PARK

By: *Laura L. Scarry*

One of Defendants' Attorneys

Stephen R. Miller (6182908)
Laura L. Scarry (6231266)
MYERS, MILLER, STANDA & KRAUSKOPF
111 West Washington Street
Suite 1247
Chicago, IL 60602
(312) 345-7250

G:\CASES\10423.Filskov\10423.Pleadings\10423.affirmative defenses.wpd

4